

MAY 2 9 2020

West Virginia E-Filing Notice

CC-26-2020-C-20

Judge: Richard Tatterson

**To:** Wexford Health Services, Inc.
501 Holiday Drive, Ste. 300
Pittsburgh, PA 15220

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA
Amanda Dowler v. Wexford Health Services, Inc.
CC-26-2020-C-20

The following complaint was FILED on 5/26/2020 12:04:03 PM

Notice Date: 5/26/2020 12:04:03 PM

Elizabeth Jones
CLERK OF THE CIRCUIT
Mason
200 Sixth Street
POINT PLEASANT, WV 25550

(304) 675-4400
elizabeth.jones@courtswv.gov

**EXHIBIT A**

# SUMMONS

E-FILED | 5/26/2020 12:04 PM
CC-26-2020-C-20
Mason County Circuit Clerk
Elizabeth Jones

IN THE CIRCUIT OF MASON WEST VIRGINIA

**Amanda Dowler v. Wexford Health Services, Inc.**

Service Type:   Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO:   Wexford Health Services, Inc., 501 Holiday Drive, Ste. 300, Pittsburgh, PA 15220

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Hoyt Glazer, 618 Tenth St Ste 105, Huntington, WV 25701

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

5/26/2020 12:04:03 PM                     /s/ Elizabeth Jones
Date                                                  Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____                    _____
Date                                                  Server's Signature

**EXHIBIT A**

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MASON COUNTY WEST VIRGINIA

**Amanda Dowler v. Wexford Health Services, Inc.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Richard Tatterson

## COMPLAINT INFORMATION

**Case Type:** Civil   **Complaint Type:** Other

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No   **Case will be ready for trial by:** 11/26/2021

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
  ☐ Wheelchair accessible hearing room and other facilities
  ☐ Interpreter or other auxiliary aid for the hearing impaired
  ☐ Reader or other auxiliary aid for the visually impaired
  ☐ Spokesperson or other auxiliary aid for the speech impaired
  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Hoyt Glazer, 618 Tenth St Ste 105, Huntington, WV 25701

**EXHIBIT A**

## SERVED PARTIES

**Name:** Wexford Health Services, Inc.

**Address:** 501 Holiday Drive, Ste. 300, Pittsburgh PA 15220

**Days to Answer:** 20     **Type of Service:** Circuit Clerk - Certified Mail - Including Copy Fee

**EXHIBIT A**

IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

AMANDA DOWLER.

    Plaintiff,

v.

                                          Civil Action No.
                                          Judge

WEXFORD HEALTH SERVICES, INC.

    Defendant.

## COMPLAINT

Plaintiff Amanda Dowler, by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this action seeking redress and remedy arising from Defendant Wexford Health Services, Inc.'s failure to comply with the provisions of the West Virginia Human Rights Act.

## PARTIES

1. Plaintiff Amanda Dowler is a female citizen and resident of Albany, Ohio.

2. Defendant, Wexford Health Services, Inc. ["Wexford"] is a Pennsylvania company with its principal place of business in Pittsburgh, Pennsylvania.

3. Defendant, Wexford provides health care services for incarcerated individuals at Lakin Correctional Center in Mason County, West Virginia.

4. At all times alleged herein, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment and/or assignment.

## JURISDICTION AND VENUE.

5. This Court has jurisdiction over this civil action under Article VIII, § 6 of the West Virginia Constitution.

1

**EXHIBIT A**

6. Venue is appropriate in this matter under West Virginia Code § 56-1-1(2) because Defendant dose business in Mason County, West Virginia.

## FACTS

7. On December 10, 2017, Defendant hired Ms. Dowler as a nurse practitioner for duties at the Lakin Correctional Center.

8. At all times during her employment, Ms. Dowler met the legitimate expectations of Defendant and performed her duties satisfactorily or better.

9. Over the course of her employment, Ms. Dowler's immediate supervisor, who was female, subjected to her inappropriate conduct, which included, and was not limited to, repeatedly screaming and yelling at her, and refusing to speak to her about her assignments.

10. Ms. Dowler's supervisor repeatedly demanded Ms. Dowler to write prescriptions and orders in contravention of the supervisor's duties, powers and authority.

11. Ms. Dowler's supervisor also deleted wellness visits that Ms. Dowler had scheduled for the female inmates.

12. On information and belief, Ms. Dowler's supervisor did not subject male employees under her supervision to the aforementioned actions and treatment as alleged in paragraphs 9 through 11.

13. Ms. Dowler did not feel comfortable around her immediate supervisor, and timely reported her supervisor's misconduct to Defendant's management and human resources department several times because she believed in good faith that her supervisor's treatment of her was discriminatory and violated the West Virginia Human Rights Act.

14. Following Ms. Dowler's protected reports, Defendant refused to take any action and/or otherwise remedy the hostile work conditions Ms. Dowler had reported.

**EXHIBIT A**

15. After Ms. Dowler's protected reports, Ms. Dowler's supervisor continued to berate her and foster a hostile work environment as previously alleged in paragraphs 9 through 11.

16. The treatment from Ms. Dowler's supervisor greatly upset her, and caused her to suffer anxiety.

17. On November 22, 2019, a few days after Ms. Dowler had made her last report of a hostile work environment involving her supervisor, Defendant terminated her.

18. As a result of her treatment by Defendant and its termination of her, Ms. Dowler has sustained financial losses and suffered emotional distress.

## COUNT I: HOSTILE WORK ENVIRONMENT

19. Plaintiff incorporates the previous paragraphs as if set forth herein.

20. Plaintiff is female and, as such, is a member of a protected class under the West Virginia Human Rights Act.

21. During her employment, Plaintiff was subjected to aggressive and intimidating behavior based on her sex.

22. Plaintiff did not consent, encourage or welcome the harassment described in the preceding paragraphs.

23. The harassment against Ms. Dowler was sufficiently severe and/or pervasive as to interfere with Plaintiff's work, alter the Plaintiff's conditions of employment, and create an intimidating, offensive and hostile work environment.

24. On information and belief, the Defendant, by and through the actions of its agents, including Ms. Dowler's supervisor, did not discriminate and/or foster hostile work conditions involving similarly-situated male employees at the Lakin Correctional facility.

25. Plaintiff gave Defendant notice of the harassment and hostile work environment as

**EXHIBIT A**

previously alleged and/or Defendant had notice of the harassment against Ms. Dowler because it was pervasive and obvious.

26. Defendant failed to investigate and/or take effective remedial action in response to Ms. Dowler's reports of harassment and hostile work environment based on her sex.

27. Harassment and intimidation continued to occur following Plaintiff's reports.

28. Defendant had the power to alter or affect the terms and conditions of Ms. Dowler's employment and denied Plaintiff benefits of employment for her refusal to submit to the conduct taken against her as previously alleged.

29. Defendant fostered a hostile work environment by failing to take appropriate remedial action in response to Ms. Dowler's reports and, instead, fostered a hostile work environment by allowing Ms. Dowler's supervisor to continue engaging in inappropriate conduct against her.

30. Defendant's failure to remedy the alleged improper, hostile work environment harmed Ms. Dowler.

31. Defendant acted with malice and with reckless indifference to Ms. Dowler's rights under the West Virginia Human Rights Act and the common law and public policies of the State of West Virginia.

32. As a direct and/or proximate result of Defendant's actions, Ms. Dowler has suffered, and continues to suffer, substantial losses in earnings, bonuses, deferred compensation and other employment benefits, which she would have received had Defendant not created/fostered a hostile work environment for her, all to her damage in an amount according to proof. Wherefore, Plaintiff requests relief as provided in the Prayer for Relief.

**EXHIBIT A**

## COUNT II: RETALIATORY DISCHARGE

33. Plaintiff incorporates the previous paragraphs by reference.

34. Before her termination by Defendant, Plaintiff had performed all conditions, covenants, promises, duties and responsibilities required of him and in accordance and conformity with Defendant's expectations.

35. In striving to comply with her duties as an employee and with West Virginia law prohibiting discriminatory practices, Plaintiff notified Defendant of her concerns involving her supervisor's hostile and discriminatory treatment of her that she believed in good faith were in violation of the West Virginia Human Rights Act and/or the common law and public policies of West Virginia.

36. Following Plaintiff's reports as noted in the preceding paragraph, Defendant failed to correct, remedy and/or otherwise properly address the hostile treatment alleged by Plaintiff.

37. Defendant never provided any meaningful or sufficient report, verbal or written, to your Plaintiff after she made protected reports of discrimination and/or hostile work environment.

38. The Defendant did not properly investigate Plaintiff's reports of discrimination and harassment and reports under the West Virginia Human Rights Act.

39. Defendant's termination of Plaintiff's employment resulted from her protected, legitimate and sincerely-held efforts to comply with West Virginia law, and her duties as an employee in seeking to have Defendant comply with the West Virginia Human Rights Act, West Virginia public policy and all our state's policies that purport to comply with our state's human rights laws and protections.

5

**EXHIBIT A**

40. Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the statutes, rules, regulations, common law, the Constitution of the State of West Virginia and The West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq. because:

    (A) The Plaintiff is a member of a protected class under West Virginia Code § 5-11-9(7);

    (B) The Defendant made adverse decisions concerning the Plaintiff, including, but not limited to, its failure to make a meaningful investigation into her reports of discrimination and hostile work environment properly, and its termination of Plaintiff; and

    (C) But for Plaintiff's protected status as a person who made a report of discrimination and harassment, and sought to enforce West Virginia's Human Rights Act and the common laws and policies of the State of West Virginia, the Defendant would not have terminated Plaintiff and made other adverse decisions against her.

38. As a direct and proximate result of Defendants' intentional, deliberate, willful, and discriminatory and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other employment benefits, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to his reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks compensatory damages, punitive damages as allowed by law, and other relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

   a. actual damages for lost wages (front and back pay), lost compensation and fringe benefits and other expenses incurred as a result of Defendant's above-described

6

**EXHIBIT A**

actions;

b.  general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

c.  punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and willful actions;

d.  prejudgment and post judgment interest on all amounts allowed by law;

e.  costs incurred in pursuing this action;

f.  attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF AMANDA DOWLER,<br>By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-495-0494
hoyt@hoytglaw.com

7

**EXHIBIT A**